IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § § § | CASE NUMBER 1:17-CR-136-1-MAC |
| DESMOND INGRAM, JR. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.  Pending is the Defendant's Motion for a Speedy Trial filed on April 8, 2024.  (Doc. #56.)

### BACKGROUND

On October 6, 2021, a Petition for Warrant under Supervision was filed alleging that the Defendant violated his conditions of supervised release.  (Doc. #52.)  The court entered an order granting the petition and issued a warrant for the Defendant on October 7, 2021.  (Doc. #53, #54.) The Defendant was in state custody at the Gib Lewis Unit in Woodville, Texas, so a Petition for Writ of Habeas Corpus *Ad Prosequendem* was filed seeking the production of the Defendant to appear in the Eastern District of Texas on June 11, 2024, and the court granted that petition directing his transfer. (Docs. #57, #58.)  The court attempted to set Ingram's first hearing sooner on May 15, 2024, then May 22, 2024, but his transfer was delayed twice.  He was then reset for June 11, 2024, then again on June 13, 2024, due to delays in transferring him from state to federal

custody. On June 13, 2024, the Defendant appeared in this court and requested that he be appointed a different attorney to represent him. The court granted his requested, and he re-appeared in court on June 14, 2024. On that date, the Defendant again requested new counsel to represent him. The court granted his second request and reset his hearing to June 24, 2024. On that date, the Defendant waived his preliminary hearing, and his final revocation hearing was scheduled for June 28, 2024. His final revocation hearing was held on June 28, 2024, and he pled true to an allegation in his petition based upon an agreement with the Government.

## ANALYSIS AND RECOMMENDATION

"The [Sixth Amendment] right to a speedy trial is not applicable to probation and parole revocation hearings, because they are not stages of a criminal prosecution." *United States v. Tippens*, 39 F.3d 88, 89 (5th Cir. 1994). Further, "the execution of a warrant for violation of supervised release is not subject to the Sixth Amendment's speedy trial requirement." *Id.* However, a delay in executing a violator's warrant may frustrate a probationer's Fifth Amendment due process rights if the delay undermines his ability to contest the issue of the violation or to proffer mitigating evidence. *Id.*; *United States v. Napper*, 978 F.3d 118, 127 (5th Cir. 2020). In addition to this constitutional right, Federal Rule of Criminal Procedure 32.1(a) requires that "a *person held in custody* for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge." Further, Rule 32.1(b)(2) states that "unless waived by *the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." The Fifth Circuit interpreted this rule to mean that "a person" is a person who is in custody for the supervised release violation. *Id.* at 127-128. Thus, the reasonable time requirement is no different than constitutional standards, and it only starts to run once the defendant is in federal custody for the violation of his conditions. *Id.*

Here, Ingram was in state custody on state charges until transferred into federal custody on June 13, 2024, pursuant to the above-referenced federal writ. On that same date, Ingram appeared in court for his initial appearance. The additional delays after that appearance were due to Ingram's requests. Ingram has not alleged how he has been prejudiced by any delay or that it impaired his ability to contest the revocation. Further, he waived his preliminary hearing, and his final revocation hearing was held four days later. At the final hearing, he pled true to one of the allegations that he violated a condition of his supervised release. These hearings were held within a "reasonable period of time" after he was taken into federal custody. Therefore, it is recommended that the Defendant's Motion for a Speedy Trial (doc. #56) be DENIED.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings

of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 1st day of July, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE